IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| RAYMOND S. TOLSON IV, individually and on behalf of all others similarly situated,<br><br>v.<br><br>NATIONAL SPORTS SERVICES, INC., and CONCORDIA MEDIA SERVICES | §<br>§<br>§<br>§<br>§     C.A. 1:14-CV-442<br>§<br>§     JURY TRIAL DEMANDED<br>§<br>§<br>§<br>§<br>§ |

## PLAINTIFF'S ORIGINAL CLASS ACTION COMPLAINT

COMES NOW, RAYMOND S. TOLSON IV ("Plaintiff"), individually and on behalf of all other persons similarly situated, bringing this action against Defendants NATIONAL SPORTS SERVICES, INC. and CONCORDIA MEDIA SERVICES ("Defendants"), and alleges, upon personal knowledge as to his own conduct, and upon information and belief as to the conduct of others, as follows:

### INTRODUCTION

1.  Plaintiff Raymond S. Tolson IV brings this class action against Defendants National Sports Services, Inc. and Concordia Media Services to secure redress because Defendants willfully violated the TELEPHONE CONSUMER PROTECTION ACT ("TCPA"), 47 U.S.C § 227, *et seq.* by causing to be made unsolicited text message calls to cellular telephones. Plaintiff Raymond S. Tolson, for his Class Action Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

2. Defendants' conduct and actions violated the TCPA, for which Plaintiff and the Class Members seek judgment against Defendant equal to $500.00 per violation, together with attorney's fees, court costs, and treble damages (for knowing and/or willful violations).

## PARTIES

3. Plaintiff RAYMOND S. TOLSON IV is a citizen of the State of Texas who resides in Austin, Travis County, Texas.

4. Defendant NATIONAL SPORTS SERVICES, INC., is a corporation organized under the laws of the State of Nevada. Defendant maintains its principle place of business at 4840 West University Ave., Ste. A3, Las Vegas, Nevada 89103. Defendant may be served with process by serving its registered agent, Berkly, Gordon & Goldstein, 8330 W. Sahara Ave., Las Vegas, Nevada 89117.

5. Defendant CONCORDIA MEDIA SERVICES, is a corporation organized under the laws of the State of Nevada. Defendant maintains its principle place of business at 3540 W. Sahara #355, Las Vegas, Nevada 89102. Defendant may be served with process by serving its president, James J. Feist, 3540 W. Sahara #355, Las Vegas, Nevada 89102.

6. Whenever in this complaint it is alleged that Defendants committed any act or omission, it is meant that the Defendants' officers, directors, vice-principals, agents, servants, or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendants or was done in the routine normal course and scope of employment of the Defendants' officers, directors, vice-principals, agents, servants, or employees.

## JURISDICTION & VENUE

7. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. §

1332(d)(2) because the matter in controversy in this civil action exceeds the sum or value of $5,000,000.00, exclusive of interests and costs, and at least one member of the putative class is a citizen of a state different from Defendants. Furthermore, Plaintiff Class consists of at least one hundred members.

8.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(a)(1-2) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

9.     Defendants are subject to general personal jurisdiction in this District because they have continuous and systematic contacts with this District through telemarketing efforts that target citizens of the State of Texas, and, more specifically, this District. Defendants are also subject to specific personal jurisdiction in this District because their contacts with this District gave rise to the instant action. Furthermore, exercise of personal jurisdiction over Defendants in this District does not offend traditional notions of fair play or substantial justice.

## FACTUAL BACKGROUND

10.    Bulk text messaging has become a popular means by which companies can directly communicate with cell phone owners for the purpose of soliciting business.

11.    Short Messaging Service, or "SMS" is a cellular telephone messaging system that allows the cellular telephone subscribers to use their cellular devices to send and receive short text messages, usually limited to 160 characters.

12.    When an SMS message call is transmitted, the recipient's cell phone rings to indicate a text message has arrived.

13.    Defendants harvest cellular telephone numbers for the purpose of transmitting SMS advertisements to large groups of cellular subscribers.

14. These text message calls are made using equipment that, upon information and belief, has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

15. Defendants' advertisements are designed to solicit consumers to purchase alleged expert picks for a variety of sporting events on a website named JimFeist.com.

16. James J. Feist is a principal of both Defendants, and through Defendants, causes text message calls advertising his products and services to be made to consumers without their express consent or authorization.

17. On or around November 3, 2013, Defendants sent a text to Plaintiff's cell phone encouraging Plaintiff to call Defendants to for advice on picking the winner of various sporting events.

18. At no time prior to or after this text did Plaintiff enter into a business relationship with Defendants.

19. At no time did Plaintiff willingly provide his cellular telephone number to Defendants.

20. At no time did Plaintiff consent in any fashion, or through any medium, to Defendants contacting his cellular telephone.

21. Plaintiff deleted the text, as he immediately recognized it as spam and hoped nothing further would come of it.

22. Unfortunately, Defendants did not stop texting Plaintiff.

23. Following the first text on November 3, 2013, Defendants sent texts to Plaintiff's cellular telephone on several occasions, including November 7, 10, 16, 21, 23 of 2013; five times

on December 4, 2013; February 3, 7, 13, 23 of 2014; March 3, 8, 13, 17, 23, 29 of 2014; and May 8, 2014.

24. Plaintiff saved some of the most recent texts in a folder on his cellular phone.

25. Some of the recent texts are worded as follows:

"NBA 1st Round Game of the Year from Jim Feist WINS on Wednesday, just $20 ($100 value on JimFeist.com). Guaranteed or rest of Playoffs FREE. Call 1-866-577-9174"

"31 Days of May from Jim Feist for just $31. That's a buck-a-day in May of NBA Playoffs and MLB selections. Jim is on a 22-9 NBA Playoff Run. Call 1-866-577-9174"

"MLB Mound Mismatch Game of the Year from Jim Feist, just $10 (a $100 value on JimFeist.com). GUARANTEED winner or the rest of May MLB FREE. Call 1-866-577-9174"

26. Plaintiff continues to receive texts from Defendants.

27. The telephone number Defendants called was assigned to a cellular telephone service for which charges incur for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

28. Plaintiff pays the bill associated with his cellular telephone.

29. Plaintiff is the regular carrier and exclusive user of his cellular telephone.

30. Defendants' calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1(A)(i).

31. Plaintiff did not provide Defendants prior express consent to receive texts on his cellular telephone.

32. All texts Defendants sent to Plaintiff violate the TCPA

33. In order to redress injuries caused by Defendants' violations of the TCPA, Plaintiff, on behalf of himself and a class of similarly situated individuals, brings suit under the TCPA, 47 U.S.C. § 227, *et seq.*, which prohibits unsolicited voice and text calls to cell phones.

34. On behalf of the Class, Plaintiff seeks an injunction requiring Defendants to cease all wireless spam activities and an award of statutory damages to the class members, together with costs and reasonable attorneys' fees.

## CLASS ACTION ALLEGATIONS

35. Pursuant to Rules 23(b) and (c) of the FEDERAL RULES OF CIVIL PROCEDURE, Plaintiff brings this action on his own behalf and on behalf of the proposed Plaintiff Class. Plaintiff seeks certification of a Plaintiff Class consisting of:

> All persons within the United States who received any text message sent from Defendants or its agents to said person's cellular telephone promoting Jim Feist products and/or services.

36. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendants, Defendants' subsidiaries, parents, successors, predecessors, and any entity in which Defendants or their parents have a controlling interest, and its current or former employees, officers, and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendants have been fully and finally adjudicated and/or released.

37. Plaintiff does not know the number of members in the Class, but believes the Class members number in the tens of thousands, if not more. This matter should therefore be certified as a Class Action to assist in the expeditious litigation of this matter.

38. Plaintiff and members of the Class were harmed by Defendants' acts in at least the following ways: Defendants, either directly or through its agents, illegally contacted Plaintiff and the Class members *via* their cellular telephones by sending unsolicited text messages for the purpose of advertising products or services, thereby causing Plaintiff and the Class members to

incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and the Class members previously paid, and invading the privacy of said Plaintiff and the Class members. Plaintiff and Class members were damaged thereby.

39. This suit seeks only damages, statutory penalties, and injunctive relief for recover of economic injury on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

40. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the Court. The Class can be identified through Defendants' records or Defendants' agents' records.

41. There is a well-defined community of interest in the questions of law and fact affecting Plaintiff and the Plaintiff Class. The questions of law and fact common to Plaintiff and the Plaintiff Class predominate over questions affecting only individual members of the Plaintiff Class, and include, but are not limited to, the following:

    (a) Whether the wireless spam Defendants transmitted violate 47 U.S.C. § 227;

    (b) Whether the members of the Class are entitled to treble damages based on the willfulness of Defendants' conduct; and

    (c) Whether Defendants and their agents should be enjoined from engaging in such conduct in the future.

42. Plaintiff asserts claims that are typical of the Plaintiff Class based upon the conduct of Defendants which is uniform across all Class Members.

43. Injuries sustained by Plaintiff and the members of the Plaintiff Class flow, in each instance, from a common nucleus of operative facts. Defendants or their agents caused texts to be

sent for commercial purposes to Plaintiff and the Plaintiff Class on their cellular telephones without prior express written consent.

46. Plaintiff is an adequate representative of the Plaintiff Class because his interests do not conflict with and are not antagonistic to the interests of the members of the Plaintiff Class he seeks to represent. Plaintiff will fairly and adequately represent and protect the interests of the Plaintiff Class.

45. Plaintiff has retained attorneys who are competent and experienced in the prosecution of class litigation and other complex litigation.

46. Plaintiff and the members of the Plaintiff Class have all sustained injuries caused by Defendants' conduct. A class action is superior to other methods for the fair and efficient adjudication of the subject controversy. Absent a class action, the members of the Plaintiff Class likely will find the cost of litigating their individual claims to be prohibitive, and will have no effective remedy at all. Because of the relatively small size of the individual claims of the members of the Plaintiff Class, few members of the Plaintiff Class likely could afford to seek legal redress on their own. Absent a class action, members of the Plaintiff Class will continue to sustain damages, and Defendants' misconduct will proceed without remedy. The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants and promotes consistency and efficiency of adjudication. Additionally, Defendants have acted, and failed to act, on grounds generally applicable to Plaintiff and the Plaintiff Class, requiring Court imposition of uniform relief to insure compatible standards of conduct toward Plaintiff and the Plaintiff Class.

47. Adequate notice can be provided to the members of the Class directly using information maintained in Defendants' records or through notice by publication.

## FIRST CAUSE OF ACTION
### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227

48. Plaintiff re-alleges and incorporates by reference each preceding paragraph as though set forth at length herein.

49. Defendants made unsolicited and unauthorized text message calls, including text message calls referenced in paragraph 22, to the wireless telephone numbers of Plaintiffs and the Class. Each such text message call was made using equipment that, upon information and belief, had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

50. The text calls were made *en masse* and without the prior express consent of Plaintiff and other members of the Class to receive such wireless spam.

51. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the TCPA, including but not limited to violation of 47 U.S.C. § 227(b)(1)(A)(iii).

52. As a result of Defendant's violations of 47 U.S.C. § 227, *et. seq.*, Plaintiff and the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

53. Because Defendant had knowledge that Plaintiff and the Class Members did not consent to the receipt of the aforementioned telephone solicitations, the Court should, pursuant to 47 U.S.C. § 227(b)(3)(C), treble the amount of statutory damages recoverable by the Plaintiff and Class Members.

54. Plaintiff and the Class Members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## ATTORNEY'S FEES

55. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

56. Plaintiff is entitled to recover reasonable attorney fees and request the attorney's fees be awarded.

## JURY DEMAND

57. Plaintiff, individually and on behalf of the Plaintiff Class, demands a jury trial on all issues triable to a jury.

## RELIEF REQUESTED

WHEREFORE, Plaintiff, individually and on behalf of the Plaintiff Class, prays for the following relief:

a. An order certifying this matter as a class action with Plaintiff as Class Representative, and designating Hughes Ellzey, LLP as lead Class Counsel and Southwest Legal Group as liaison class counsel;

b. An award of actual and statutory damages for each and every negligent violation to each member of the Class pursuant to 47 U.S.C. § 227(b)(3)(B);

c. An award of actual and statutory damages for each and every knowing and/or willful violation to each member of the Class pursuant to 47 U.S.C § 227(b)(3)(B);

d. Injunctive relief prohibiting Defendant's conduct complained of herein, pursuant to 47 U.S.C. § 227(b)(3)(A);

e. Pre-judgment and post-judgment interest on monetary relief;

f. An award of reasonable attorneys' fees and court costs in this action;

g.      All other and further relief as the Court deems necessary, just, and proper.

                                    Respectfully Submitted,

                                    **HUGHES ELLZEY, LLP**

                                    */s/  W. Craft Hughes*
                                    W. Craft Hughes
                                    *Attorney-in-Charge*
                                    Texas Bar No. 24046123
                                    E-Mail: craft@crafthugheslaw.com
                                    Jarrett L. Ellzey
                                    Texas Bar No. 24040864
                                    E-Mail: jarrett@crafthugheslaw.com
                                    Brian B. Kilpatrick
                                    Texas Bar No. 24074533
                                    brian@hughesellzey.com
                                    2700 Post Oak Blvd., Ste. 1120
                                    Galleria Tower I
                                    Houston, TX 77056
                                    Phone: (713) 554-2377
                                    Fax: (888) 995-3335

                                    ATTORNEYS FOR PLAINTIFF
                                    AND THE PROPOSED CLASS